# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3512

_____

United States of America

*Plaintiff - Appellee*

v.

Marvis Ballard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 25, 2018
Filed: December 14, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

Marvis Ballard pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Although the Sentencing Guidelines recommended a sentence between 41 and 51 months in prison, the district court gave Ballard the statutory-maximum sentence of 120 months after relying nearly exclusively on an inflated assessment of Ballard's criminal history. Because we conclude that the district court procedurally erred in doing so, we vacate Ballard's sentence and remand for resentencing.

When we review a sentence, "whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks and citation omitted). A district court abuses its discretion if it commits a procedural mistake, such as "selecting a sentence based on clearly erroneous facts." *Id.* (citation omitted).

The record shows that the district court misunderstood Ballard's criminal history. For example, the court stated that Ballard had a "history of just sheer violence" and had been "beating on people and knocking people out *consistently from [2003] forward*." (Emphasis added). But the criminal-history section of the presentence investigation report, which the district court adopted, suggests that Ballard's most recent violent offense occurred in 2005—*twelve years* before the sentencing hearing.[1] And the district court did not make a factual finding that Ballard had committed other violent acts during those twelve years.

The district court's characterization of Ballard's criminal history is particularly significant because the court placed overwhelming weight on it. Near

---

[1]To be sure, it appears that in 2004 and 2005, Ballard assaulted his then-girlfriend. Even if Ballard has a violent history, however, the record does not show that Ballard has *consistently* been violent since 2003.

the beginning of the sentencing hearing, and even before calculating Ballard's advisory Guidelines range, the court explained that Ballard's "record begs for ten years. *And that's it*." (Emphasis added). The court also stated that Ballard's "history of just sheer violence" was why he needed "to be locked up for ten years." The court even expressed reluctance to hold a hearing to calculate the correct Guidelines range at all given that it had already decided to impose the statutory-maximum sentence.

On these facts, we conclude that the district court procedurally erred when it sentenced Ballard. Accordingly, we vacate Ballard's sentence and remand for resentencing.

_____